**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**EDDY COPOT,** )
)
**Plaintiff,** )
)
**vs.** ) **Case No. 19 C 6987**
)
**STEWART TITLE GUARANTY CO.** )
**and KELLY RICKENBACH,** )
)
**Defendants.** )

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Defendants Stewart Title Guaranty Co. and Kelly Rickenbach have moved to dismiss plaintiff Eddy Copot's amended complaint. Copot was employed by Stewart as an attorney in its claims department. Rickenbach was, during a relevant period, a direct or indirect supervisor of Copot. Copot asserts claims under Title VII of the Civil Rights Act of 1964 (Counts 1 and 3), the Family and Medical Leave Act (Count 2), the Illinois Human Rights Act (Counts 4, 5, and 6), the Illinois Personnel Records Review Act (Count 9), the Illinois Employee Sick Leave Act (Count 10), and the Illinois Attorney Act (Count 11), and for false imprisonment and civil conspiracy under Illinois common law (Counts 7 and 8). Stewart has moved to dismiss a number of Copot's claims under Federal Rule of Civil Procedure 12(b)(6), and Rickenbach has moved to dismiss the claims against her under that Rule and under Rule 12(b)(2) for lack of personal jurisdiction. The Court rules on the defendants' motion as follows.

Counts 1 and 5: The adverse actions alleged by Copot, including differential

treatment based on gender relating to working from home, submission of forms justifying sick leave, and consideration for promotional opportunities, are collectively sufficient to be actionable under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act, at least for purposes of a Rule 12(b)(6) motion.

Count 2: The Court dismisses Copot's FMLA retaliation claim (Count 2) for failure to state a claim. To succeed on a retaliation claim under the FMLA, the plaintiff must show that he engaged in a protected activity, his employer took adverse action against him, and there is a causal connection between the two. *See, e.g., Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012). "To succeed, [plaintiff] must of course be entitled to FMLA benefits . . . ." *Id.*; *see also Jackson v. Dakkota Integrated Sys., LLC*, No. 14 C 6384, 2015 WL 1138565, at *3 (N.D. Ill. Mar. 10, 2015). Copot has not adequately alleged an underlying entitlement to FMLA leave—specifically he does not allege that he suffered from a "serious health condition" within the meaning of the FMLA—so Count 2 fails to state a claim.

Counts 3 and 6: Counts 3 and 6 are Copot's retaliation claims under Title VII and the IHRA. He alleges that Stewart retaliated against him by terminating his employment and then opposing his claim for unemployment compensation. Stewart's motion is mainly focused on the latter point. Opposition to a former employee's claim for unemployment compensation may constitute adverse action that can support a retaliation charge. *See Sweet v. Int'l Servs. Inc.*, No. 16 C 8151, 2018 WL 527933, at *7 (N.D. Ill. Oct. 24, 2018) (citing *Benjamin v. Katten Muchin & Zavis*, 10 F. App'x 346, 354 (7th Cir. 2001)). The problem in this case is that Copot's EEOC charge concerning retaliation references only his termination as retaliatory conduct. *See* Pl.'s Am. Compl.,

Ex. H at 1 (dkt. no. 52-1, ECF p. 24 of 110). Copot cites a reference to Stewart's opposition to unemployment benefits in a lengthy letter that he submitted to the EEOC in reply to Stewart's response to his charge, *see* dkt. no. 52-1, ECF p. 31 of 110, but that did not constitute an amendment to his charge, and in any event, the letter did not characterize Stewart's opposition to unemployment as retaliatory. Due to his failure to assert this conduct as part of his EEOC charge, Copot cannot properly rely on Stewart's opposition to his claim for unemployment benefits to sustain his retaliation claim. *See generally McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 483 (7th Cir. 1996).

Copot's Title VII and IHRA retaliation claims are otherwise sufficient. He alleges that Stewart terminated his employment shortly after, and because, he made an internal gender discrimination complaint to the company's human resources department. This is a sufficient allegation of protected conduct and retaliation for purposes of a motion to dismiss.

For these reasons, the Court declines to dismiss Counts 3 and 6 but strikes from those claims the references to opposition to Copot's claim for unemployment benefits.

<u>Count 4</u>: Copot agrees that Count 4 duplicates Count 5 and thus should be dismissed for failure to state a claim.

<u>Count 9</u>: In Count 9, a claim under the Illinois Personnel Records Review Act, 820 ILCS 40/12(c), Copot has adequately alleged that in response to a request for review of his personnel records, Stewart did not turn over documentation that it relied upon in terminating him. Stewart's contention that the documents (or at least some of them) are not part of what would be considered reviewable records under section 2 of the IPPRA cannot appropriately be adjudicated on a motion to dismiss for failure to

state a claim. The same is true of Stewart's contention that Copot cannot show legally cognizable harm.

Finally, Stewart appears to contend that Copot's IPPRA claim was already adjudicated by a state court in DuPage County. Claim preclusion, however, is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). An affirmative defense is not a proper basis for dismissal under Rule 12(b)(6) unless the complaint itself establishes the defense, *see, e.g., Parungao v. Community Health Systems, Inc.*, 858 F.3d 452, 457 (7th Cir. 2017), which Copot's complaint does not. The Court declines to dismiss this claim on a Rule 12(b)(6) motion.

Count 10: With regard to Count 10, Copot's claim under the Illinois Employee Sick Leave Act, Stewart makes the same claim preclusion argument that it made regarding Count 9. The Court overrules the argument for purposes of the motion to dismiss for the reason just discussed with respect to Count 9.

Stewart also argues that Copot cannot maintain Count 10 because the Illinois legislature did not establish a private right of action for a violation of the IESLA. Illinois law, however, permits a court to infer a private right of action in appropriate circumstances even when the legislature has not expressly provided one. *See, e.g., Alarm Detection Sys., Inc. v. Orland Fire Protection Dist.*, 929 F.3d 865, 870 (7th Cir. 2019) (citing *Metzger v. DaRosa*, 209 Ill. 2d 30, 36, 805 N.E.2d 1165, 1168 (2004)). Stewart made no effort in its opening brief to address the factors considered in deciding this question, and as a result it has forfeited the point for purposes of its motion to dismiss. The remaining arguments in Stewart's reply were not in its opening brief and are therefore also forfeited for purposes of the present motion.

Count 7: Count 7 is a claim for civil conspiracy. Copot alleges a conspiracy involving at least two Stewart supervisory personnel to "more closely scrutinize" him "as a disguise for eventually terminating" him because he had complained about Stewart's improper administration of its sick leave policy. Am. Compl. ¶ 243. Stewart argues in its opening brief that the claim is premised on Stewart's alleged violation of the ESLA and that because Copot cannot sustain a claim under that statute, his civil conspiracy claim must be dismissed. *See* Defs.' Opening Mem. at 15. This argument fails because the Court has not dismissed Copot's IESLA claim at this point. The Court also observes that, as Copot argues, *see* Pl.'s Resp. Mem. at 15, Stewart's reading of Count 7 seems narrower than the way Copot has actually pleaded the claim.

The additional arguments in Stewart's reply, *see* Defs.' Reply Mem. at 12-13, were not included in its opening brief and thus are forfeited for purposes of the present motion. Finally, contrary to an argument in Stewart's reply, *see id.* at 13, the conspiracy claim at this point is not premised on, or at least is not premised only on, an allegation of retaliation for Stewart's internal gender discrimination complaint.

Claims against defendant Rickenbach: Rickenbach, who lives and works in the state of Washington, has moved to dismiss all of Copot's claims against her for lack of personal jurisdiction. She contends that her alleged adverse actions vis-à-vis Copot, who at the relevant time was working in Illinois, cannot be considered as a basis for personal jurisdiction in this state, by virtue of the so-called fiduciary shield doctrine. "Illinois employs the fiduciary-shield doctrine, under which a person who enters the state solely as fiduciary for another may not be sued in Illinois." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 550 (7th Cir. 2001) (citation omitted).

In response, Copot does not contend that any exception to the fiduciary shield doctrine applies. Rather, he says that Illinois law does not matter. Specifically, Copot contends that state personal jurisdiction law does not apply when personal jurisdiction rests on Federal Rule of Civil Procedure 4(k)(2), which states that for a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who "is not subject to jurisdiction in any state's courts of general jurisdiction," if exercising jurisdiction is consistent with the federal constitution. Fed. R. Civ. P. 4(k)(2).

The problem with Copot's argument is that it does not satisfy a basic predicate for application of Rule 4(k)(2). The Rule quite plainly does not apply here, as there is no reason to believe that Rickenbach "is not subject to jurisdiction in any state's courts." In particular, she unquestionably would be subject to jurisdiction in courts in the state of Washington, where she resides and works. The Court therefore overrules Copot's argument that Rule 4(k)(2) precludes application of the Illinois fiduciary shield doctrine. Because this is the only basis on which Copot contests Rickenbach's motion to dismiss for lack of personal jurisdiction, the Court grants her motion to dismiss. And because Rickenbach is the only defendant named on Counts 2 and 11, these claims are dismissed in their entirety.

## Conclusion

For the reasons stated above, the Court dismisses all claims against defendant Kelly Rickenbach for lack of personal jurisdiction (which results in the dismissal of Counts 2 and 11); dismisses Counts 2 and 4 for failure to state a claim; and strikes plaintiff's allegations regarding opposition to his unemployment compensation claim as

a basis for the retaliation claims asserted in Counts 3 and 6. The Court otherwise denies defendants' motion to dismiss (dkt. no. 61). Defendant Stewart Title Guaranty Co. is directed to answer all remaining claims in plaintiff's first amended complaint that it has not already answered by January 15, 2021.

Date: January 2, 2021

MATTHEW F. KENNELLY
United States District Judge