IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDY COPOT, )<br>)<br>　　　　Plaintiff, )<br>)<br>　vs. )<br>)<br>STEWART TITLE GUARANTY CO., )<br>)<br>　　　　Defendant. ) | Case No. 19 C 6987 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eddy Copot sued his former employer, Stewart Title Guaranty Corp., largely based on his contention that Stewart terminated him for discriminatory, retaliatory, or otherwise legally improper reasons. Copot, who is an attorney, represented himself during the proceedings.

The Court granted summary judgment in Stewart's favor on Copot's discrimination and retaliation claims after concluding (among other things) that the evidence established that Stewart terminated Copot based on its honest belief that he had forged e-mails to make it appear that a supervisor, Kelly Rickenbach, had signed off on title insurance claim denials when in fact she had not. *See* Summary Judgment Decision at 14-15. The factual underpinning for this ruling included the following:

> Rickenbach discovered that several of the claim files assigned to Copot contained e-mails, purporting to be from Rickenbach, approving these claim denials. Rickenbach had no recollection of sending these e-mails or approving these denials. Additionally, she had no record of these e-mails in the "sent items" folder of her e-mail account.
>
> The metadata of these e-mails reflected that they ahd been manipulated

> to suggest that they had come from Rickenbach. In addition, the original subject lines of these e-mails had been manually deleted and replaced with text related to Copot's claim files. Moreover, the metadata's routing information indicated that the e-mails were sent through an external server, suggesting they were sent from an external e-mail address rather than from a company e-mail address.
>
> Rickenbach concluded that Copot had forged the e-mails to make it appear as those she had approved the claim denials . . . .

*Id.* at 2-3.

Copot has now filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the judgment, arguing that Stewart committed a fraud on the court. He argues that Stewart withheld in discovery material "showing Ms. Rickenbach had in fact emailed Plaintiff an approval to deny insurance claim # W023-0304448-18," which is one of the allegedly forged approvals the Court referenced. Pl.'s R. 60(b) Mot. at 8.

Stewart argues that Copot's motion is procedurally improper, but the Court will bypass that issue and proceed to the merits. As best as the Court can tell, Copot's motion is largely prompted by the fact that in an ARDC proceeding that overlapped with but extended beyond the pendency of the present case, Stewart produced a version of the metadata for the subject e-mail that differed in some respects from the metadata upon which it had relied in seeking summary judgment in the present case. Copot says that the "real" metadata—which he says is the version produced to the ARDC—shows that Rickenbach actually sent the e-mail (and thus that it was not forged). He also says that he was not able to discover this until the ARDC proceedings, after the lawsuit was over, because Stewart had convinced the Court not to require it to produce metadata during discovery.

Copot has come nowhere near establishing a fraud on the court or improper

2

conduct by Stewart or its counsel. There are multiple problems with his arguments. First, he has not shown that the "different" metadata that was produced by Stewart during the ARDC proceedings actually shows what he claims, that is, that Rickenbach actually sent an e-mail approving the denial of the particular title insurance claim. Rather, the metadata produced to the ARDC, like the metadata provided earlier, shows that the e-mail was sent not via a Stewart e-mail server, but rather from an ADP server, which was the vendor that Stewart used for payroll and HR systems. The proposition that Rickenbach would have (or even would have been able to) routed an e-mail that way didn't make any sense before, and it doesn't make any sense now.

Second, contrary to Copot's characterization, Rickenbach did not admit during her ARDC testimony that she sent the e-mail. Quite the contrary; she reaffirmed that she had not sent it, again saying that "the email was changed and falsified."

Third, as best as the Court can determine based on the record before it, there are two versions of the metadata, but that's because one is a more complete version or because they were extracted in different ways. There is no evidence to support the proposition that Stewart, someone connected with Stewart, or its attorneys altered the metadata.

Fourth, regarding Copot's contention that Stewart prevented disclosure of the metadata earlier, it is true that the Court, in December 2020, declined to order Stewart to produce metadata. But the dispute at that time was not focused on the subject e-mail. It was much broader: Copot had requested production of metadata on the entire contents of the four claim files that were at issue in connection with his termination. The Court 's ruling was that Copot had not shown a need for production of the metadata for

3

that broad swath of material; the ruling was not focused on the particular e-mail in question.

Fifth, and more importantly on that particular point, Stewart *did produce* in February 2021, pursuant to a later ruling by the Court, the "native" file for the particular e-mail at issue. That native file contained the e-mail's metadata. Thus Copot had it available to examine and, at least as significantly, for his retained forensic data expert to examine. Copot had that opportunity both during the pendency of this case and after, during the ARDC proceedings. Even now, he has offered nothing affirmative (for example, a report from his expert) to attempt to show that Stewart, or anyone connected with Stewart, doctored anything, or that the metadata means something different from what Stewart has always contended.

## Conclusion

In sum, Copot has failed to show any basis for the Court to vacate its summary judgment ruling, or for any of the other relief he seeks. The Court denies his motion [dkt. no. 154]. The Court also denies Stewart's request to sanction Copot for filing the motion. Though Copot's motion comes close to the line between zealous advocacy and vexatious or otherwise sanctionable conduct, the Court concludes that it does not cross that line.

Date: January 7, 2024

_____
MATTHEW F. KENNELLY
United States District Judge